UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

SECURITIES AND EXCHANGE COMMISSION, )
)
Plaintiff, )
)
v. )
)
RONNY J. HALPERIN, et al. )
)
Defendants. )
)

## FINAL JUDGMENT AS TO DEFENDANT RONNY J. HALPERIN

The Securities and Exchange Commission having filed a Complaint and Defendant Ronny J. Halperin having: entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to subject matter and personal jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

## SECTION 5 OF THE SECURITIES ACT OF 1933

IT IS ORDERED AND ADJUDGED that Halperin, his agents, servants, employees, attorneys, representatives, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

## II.

## PENNY STOCK BAR

**IT IS FURTHER ORDERED AND ADJUDGED** that Halperin is barred for five years from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

## III.

## DISGORGEMENT AND CIVIL PENALTY

**IT IS FURTHER ORDERED AND ADJUDGED** that Halperin is liable for disgorgement of $192,549.95, representing profits gained as a result of the conduct alleged in the

Complaint, together with prejudgment interest in the amount of $18,595.33, and a civil penalty in the amount of $25,000, pursuant to Section 20(d) of the Securities Act, 15 U.S.C. §77t(d).

Halperin shall satisfy this obligation by paying $236,145.28 within 14 days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, 100 F Street, NE, Stop 6042, Washington DC 20549, and shall be accompanied by a letter identifying Ronny J. Halperin as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Halperin shall send a copy of the letters to Amie Riggle Berlin, Senior Trial Counsel, 801 Brickell Avenue, Suite 1800, Miami, Florida, 33131. Halperin shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

Halperin shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts Halperin pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Halperin shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts Halperin pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

IV.

## INCORPORATION OF CONSENT

IT IS FURTHER ORDERED AND ADJUDGED that the Consent of Ronny J. Halperin is incorporated into this Judgment with the same force and effect as if fully set forth herein, and that Halperin shall comply with all of the agreements set forth in the Consent.

V.

## RETENTION OF JURISDICTION

IT IS FURTHER ORDERED AND ADJUDGED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

VI.

## CERTIFICATION UNDER RULE 54(b)

IT IS FURTHER ORDERED AND ADJUDGED that there being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

DONE AND ORDERED in Chambers in _Miami_, Florida, this _6_ day of _July_, 2012.

_____
UNITED STATES DISTRICT JUDGE

Service on all parties and counsel of record

## CERTIFICATION AS TO COMPLETENESS
## OF DOCUMENT PRODUCTION

Ronny J. Halperin hereby certifies as follows:

1. I hereby acknowledge and agree that in settling an enforcement action against me the Commission has relied upon the completeness of, among other things, my production of documents in response to all Commission subpoenas, document requests, and requests for voluntary production of documents to me in connection with this matter, subject to any modifications agreed to in writing by Commission staff ("the Commission's Document Demands").

2. I have made a diligent search of all files in my possession, custody, or control that are reasonably likely to contain documents responsive to the Commission's Document Demands, including but not limited to general file areas, off-site document files, e-mail and archive files, and all other original and back-up electronic and computer files and systems.

3. To the best of my knowledge, all responsive documents in my possession, custody, or control have been produced to the Commission or identified in a privilege log submitted to the Commission. I have a good faith basis to believe that a bona fide privilege, recognized under applicable law, applies to each responsive document identified on a privilege log and not produced to the Commission.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 10, 2012.

Ronny J. Halperin
3077 NE 183rd Lane, Aventura, FL 33160
305-933-9685 (tel.)