UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

SECURITIES AND EXCHANGE COMMISSION,   )
                                      )
                    Plaintiff,        )
                                      )
v.                                    )
                                      )
KEVIN D. SEPE, et al.                 )
                                      )
                    Defendants.       )
_____)

## FINAL JUDGMENT AS TO DEFENDANT KEVIN D. SEPE

The Securities and Exchange Commission having filed a Complaint and Defendant Kevin D. Sepe having: entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to subject matter and personal jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

## SECTION 5 OF THE SECURITIES ACT OF 1933

**IT IS ORDERED AND ADJUDGED** that Sepe, his agents, servants, employees, attorneys, representatives, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

## II.

## PENNY STOCK BAR

**IT IS FURTHER ORDERED AND ADJUDGED** that Sepe is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

## III.

## DISGORGEMENT AND CIVIL PENALTY

**IT IS FURTHER ORDERED AND ADJUDGED** that Sepe is liable for disgorgement of $1,266,466.16, representing profits gained as a result of the conduct alleged in the Complaint,

together with prejudgment interest in the amount of $117,636.86, and a civil penalty in the amount of $60,000, pursuant to Section 20(d) of the Securities Act, 15 U.S.C. §77t(d).

Sepe shall satisfy this obligation by paying $1,444,103.02 within 14 days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, 100 F Street, NE, Stop 6042, Washington DC 20549, and shall be accompanied by a letter identifying Kevin D. Sepe as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Sepe shall send a copy of the letters to Amie Riggle Berlin, Senior Trial Counsel, 801 Brickell Avenue, Suite 1800, Miami, Florida, 33131. Sepe shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

Sepe shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts Sepe pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Sepe shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts Sepe pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

IV.

## INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent of Kevin D. Sepe is incorporated into this Judgment with the same force and effect as if fully set forth herein, and that Sepe shall comply with all of the agreements set forth in the Consent.

V.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

VI.

## CERTIFICATION UNDER RULE 54(b)

**IT IS FURTHER ORDERED AND ADJUDGED** that there being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 6 day of July, 2012.

_____
UNITED STATES DISTRICT JUDGE

Service on all parties and counsel of record