UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:   12-CV-21653-JAL

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| SETH EBER, HOWARD ETTELMAN, RONNY J. HALPERIN, CHARLES HANSEN, III, MELISSA K. RICE, LUZ RODRIGUEZ AND KEVIN D. SEPE, | ) ) ) ) ) ) |
| Defendants, | ) ) |
| WEST COAST INVESTMENTS ENTERPRISES, LLC, | ) ) ) |
| Relief Defendant. | ) ) ) |

**FINAL JUDGMENT AS TO DEFENDANT SETH EBER**

The Securities and Exchange Commission having filed a Complaint and Defendant Seth

Eber having consented to the Court's jurisdiction over him and the subject matter of this action;

consented to entry of this Final Judgment without admitting or denying the allegations of the

Complaint (except as to personal and subject matter jurisdiction, which Eber admits); waived

findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

-1-

## I.

## SECTIONS 5(A) AND 5(C) OF THE SECURITIES ACT

**IT IS ORDERED AND ADJUDGED** that Eber and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77e(a) and 77e(c), by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

    (c)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

## II.

## PENNY STOCK BAR

**IT IS FURTHER ORDERED AND ADJUDGED** that Eber is barred, for a period of five years after the date of entry of this Final Judgment, from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act, 17 C.F.R. 240.3a51-1.

## III.

## DISGORGEMENT, PREJUDGMENT INTEREST, AND CIVIL PENALTY

**IT IS FURTHER ORDERED AND ADJUDGED** that Eber is liable for disgorgement of $74,689, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $8,446.73. Eber is further liable for a civil penalty in the amount of $25,000 pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). Eber shall satisfy this obligation by paying $108,135.73 pursuant to the terms of the payment schedule set forth in paragraph IV below.

Eber shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Eber pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Eber shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that

he pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

## IV.

## PAYMENT SCHEDULE

Ever shall satisfy his obligation to pay disgorgement, prejudgment interest, and a civil penalty by paying $108,135.73 according to the following schedule:  (1); $60,000 from escrow within 14 days of the date the Court enters a Final Judgment; (2) $12,500 within 90 days of the date the Court enters a Final Judgment, plus post-judgment interest pursuant to 28 U.S.C. § 1961; (3) $12,500 within 180 days of the date the Court enters a Final Judgment, plus post-judgment interest pursuant to 28 U.S.C. § 1961; (4) $12,500 within 270 days of entry of this Final Judgment plus post-judgment interest pursuant to 28 U.S.C. § 1961; and (5) $10,635.73 within 360 days of entry of this Final Judgment plus post-judgment interest pursuant to 28 U.S.C. § 1961.

If Eber fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, shall become due and payable immediately without further application to the Court.

Eber may transmit the payments described above electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Eber may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of

this Court; Eber as a defendant in this action; and specifying that payment is made pursuant to

this Final Judgment. Eber shall simultaneously transmit photocopies of evidence of payment and

case identifying information to the Commission's counsel in this action.  By making this

payment, Eber relinquishes all legal and equitable right, title, and interest in such funds and no

part of the funds shall be returned to Eber.  The Commission may enforce the Court's judgment

for disgorgement and prejudgment interest by moving for civil contempt (and/or through other

collection procedures authorized by law) at any time after 14 days following entry of this Final

Judgment.  Eber shall pay post judgment interest on any delinquent amounts pursuant to 28

U.S.C. § 1961.

## V.

## INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent is incorporated

herein with the same force and effect as if fully set forth herein, and that Eber shall comply with

all of the undertakings and agreements set forth therein.

## VI.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall

retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VII.

## <u>RULE 54(b) CERTIFICATION</u>

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Done and Ordered in Chambers in Miami, Florida, this 11 day of Oct. , 2012.

_____
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**